NAYLOR & NEWTON v. CUTLER et al.

(Supreme Court, Appellate Term, First Department.  December 17, 1914.)

WORK AND LABOR (§ 29*)—ACTION—AMOUNT OF RECOVERY.

In an action for work and labor and material furnished, *held* error to dismiss the complaint on the ground that defendants were entitled to a credit in excess of the amount owed to plaintiff.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 56–58; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Naylor & Newton against Samuel Cutler and others. From a judgment dismissing the complaint upon the merits, plaintiffs appeal.  Reversed, and new trial ordered.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Wilber, Norman & Kahn, of New York City (Samuel J. Reid, of New York City, of counsel), for appellants.

Saul J. Cutler, of Brooklyn, for respondents.

DELANY, J.  Plaintiffs brought this action to recover $23.40 for certain work, labor, and services, and materials furnished.  The answer was a general denial, and a counterclaim for $100.  The counterclaim, however, was withdrawn at the trial.

There was no contention that plaintiffs did not do the work—wiring—on which this action is based, nor that the amount involved was not the reasonable value.  There was only one witness at the trial. He testified for plaintiffs and was cross-examined by defendants' attorney.  By this witness plaintiffs proved the making and performance of the contract and the value of the wiring.  During his cross-examination, however, the defendants put in evidence the following bill (Defendants' Exhibit 2), dated April 1, 1913, which had been sent by plaintiffs to defendants:

New York, Apr. 1, 1913.

Cutler Bros., 779 Bedford Ave., Brooklyn, to Naylor & Newton, Dr.

1912.

Bill rendered.

| | | |
|---|---|---|
| Dec.  1.......................................................$50. | | |
| 5....................................................... 23.40 | | $73.40 |

The charge of $23.40 in the foregoing bill was for the services and labor on which the present action is based.  The defendants also put a second bill in evidence, a credit bill (Defendants' Exhibit 1), dated July 1, 1913, which was as follows:

Credit Bill.

New York, July 1, 1913.

To Naylor & Newton, Dr.

Messrs. Cutler Bros.

Credit allowed on sale of motor...............................$77.25

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

When these bills had been introduced, a motion was made by the defendants, at the end of the case, to dismiss the complaint, and the same was granted on the ground that the credit bill indicated that the defendants were entitled to a credit in excess of the amount they owed to the plaintiffs. This was not the fact, however. The trial justice and the defendants' counsel were convinced by an apparent, rather than a real, excess of credit in defendants' favor. Doubtless the fact was overlooked that the bill of April 1st, sent by plaintiffs to defendants, did not contain a charge of $27.25 for additional repairs to a motor, for the reason that on that date the extra repairs had not been made. A chronological statement of the facts will clarify the situation that actually existed at the trial:

Prior to December 5, 1912, plaintiffs repaired a motor for defendants. The bill for $50 for that work had not been paid. In the early part of December, 1912, plaintiffs did the wiring for the defendants— upon which this action is brought—for $23.40, and on April 1, 1913, sent defendants a bill for $73.40, the total amount due *at that time* to plaintiffs. Defendants returned the motor to plaintiffs for extra repairs the charge for which was $27.25. These extra repairs had not been performed when the April 1, 1913, bill was sent; but they were performed before June 11, 1913, as may be seen by the letter from plaintiffs to defendants bearing that date, in which the plaintiffs state that they have done the work and want their money, and will take $65 in payment of the bill for repairs to the motor if the defendants will send cash, or, otherwise, plaintiffs will sell the motor to get their money. In the same letter plaintiffs ask also for payment of their bill for the wiring. See Defendants' Exhibit 3.

It will thus be seen, from the exhibits and plaintiffs' testimony, that defendants actually owed plaintiffs $23.40 for wiring, $50 for original repairs to motor, and $27.25 for extra repairs, etc., to motor, and that plaintiffs were willing to accept $65 cash in settlement of the bills for repairs to the motor, which totaled $77.25. Shortly after defendants received this letter from plaintiffs, the latter sold the motor to themselves for $65 and sent the defendants a credit bill—Exhibit 1—for $77.25, thus wiping out the debt owed plaintiffs by defendants for repair to the motor. But that credit bill did not cancel the bill of $23.40 for wiring, which item is the subject of this suit. The trial judge was in error in assuming that the credit bill covered the amount involved in this action. He was evidently deceived by the claim of counsel that there was a credit in favor of defendants in excess of the amount sued for. This may have been due to confused ideas on the facts, which are very difficult from the record to analyze; but the analysis will show that the judgment was not according to the justice of the case.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.